The UNITED STATES, Plaintiff-Appellee,

v.

Anthony Frank MANCINO, Defendant-Appellant.

No. 72–1617.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 16, 1973.

Decided March 7, 1973.

Certiorari Denied June 18, 1973.

See 93 S.Ct. 3020.

Peter J. Lindberg, Minneapolis, Minn., for appellant.

J. Earl Cudd, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before HEANEY and ROSS, Circuit Judges, and BENSON, Chief District Judge.

PER CURIAM.

Anthony Frank Mancino was convicted of having received three firearms in

commerce, after being convicted of a felony, in violation of 18 U.S.C.App. § 1202(a). We affirm the conviction.

The facts disclosed that the three guns in question had been manufactured in Connecticut and Massachusetts and were shipped to Minnesota in 1966 and 1970. The three guns were sold to the S & N Hardware Store at Motley, Minnesota, and on or about April 30, 1971, all three guns were stolen from the S & N Hardware by Charles Thiede. The evidence shows that Thiede sold the three guns to Mancino on April 30, 1971.

Mancino raises several questions on this appeal, all of which relate to the constitutionality and interpretation of 18 U.S.C. App. § 1202(a).[1]

■ As to the constitutionality of this section, this Court has heretofore held it to be constitutional in United States v. Synnes, 438 F.2d 764, 773 (8th Cir. 1971). In that case this Court also held that no nexus need be shown with interstate commerce in receipt and possession cases and noted its disagreement in that regard with United States v. Bass, 434 F.2d 1296 (2nd Cir. 1970), aff'd, 404 U.S. 336, 92 S.Ct. 515, 30 L. Ed.2d 488 (1971). The Second Circuit had held in *Bass* that in order to avoid serious constitutional problems, § 1202(a) should be interpreted to include a requirement that receipt and possession be shown in each case to have been "in commerce or affecting commerce." On appeal the Supreme Court affirmed *Bass,* concluding that the provisions of § 1202(a) were ambiguous and that the phrase "in commerce or affecting commerce" was a part of all three offenses described in the section—receipt, possession and transportation. The Supreme Court however, did not declare the section unconstitutional. Later the Supreme Court vacated the judgment in

*Synnes* for further consideration in light of *Bass*. Synnes v. United States, 404 U.S. 1009, 92 S.Ct. 687, 30 L.Ed.2d 657 (1972). But in our view, that action resulted solely from our determination that no nexus with commerce need be shown, and our determination therein that the statute is constitutional, is still viable.

■ Mancino also claims on this appeal that no nexus with interstate commerce was shown and that the instructions relating thereto were in error. The trial court instructed the jury that the essential elements of the crime charged were:

"First: That the defendant at the time and place charged in each count of the indictment, received a firearm;

Second: That such receipt was in commerce or affecting commerce;

Third: That at the time of such receipt, defendant had been convicted of a felony by a Court of the State of Minnesota."

The trial court also instructed the jury that "a firearm is received in commerce or affecting commerce if it had previously traveled between two states of the United States."

We find no error in the instructions and no inadequacy in the proof. The guns had been manufactured in other states and had been shipped into Minnesota. In United States v. Bass, *supra,* Mr. Justice Marshall, writing for the majority, stated as follows:

"The Government can obviously meet its burden in a variety of ways. We note only some of these. For example, a person 'possesses . . . in commerce or affecting commerce' if at the time of the offense the gun was moving interstate or on an interstate facility, or if the possession affects com-

---

1. § 1202. Receipt, possession, or transportation of firearms—
Persons liable; penalties for violations
(a) Any person who—
(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, . . .

and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

merce. Significantly broader in reach, however, is the offense of 'receiv[ing] . . . in commerce or affecting commerce,' *for we conclude that the Government meets its burden here if it demonstrates that the firearm received has previously traveled in interstate commerce.*" (Emphasis supplied.) *Id.*, 404 U.S. at 350, 92 S.Ct. at 524.

Mancino claims this language is dicta, but in our view it is not only a correct statement of the law but also the only indication which we have been given by the Supreme Court as to its interpretation of the requirement. We note that the Sixth Circuit and the Ninth Circuit have also recently relied upon this portion of *Bass*. United States v. Brown, 472 F.2d 1181 (6th Cir., 1973); United States v. Giannoni, 472 F.2d 136 (9th Cir., 1973).

For these reasons, the judgment of conviction is affirmed.