**UNITED STATES of America,**
**Appellee,**

**v.**

**Robert Lee CARWELL, Appellant.**

**No. 73-1733.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 15, 1974.

Decided Feb. 25, 1974.

Larry B. Leventhal, Minneapolis, Minn., for appellant.

Robert G. Renner, U. S. Atty., Minneapolis, Minn., for appellee.

Before GIBSON, STEPHENSON and WEBSTER, Circuit Judges.

PER CURIAM.

Defendant was convicted of violating 18 U.S.C. App. § 1202(a)(1).[1] Defendant urges reversal on two issues: (a) the revolver admitted into evidence should have been suppressed, and (b)

---

1. That section reads in part:
Any person who—
(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony * * *
  * * * * *
and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

the Government did not sufficiently prove that the receipt of the revolver was "in commerce or affecting commerce." We reject these arguments and affirm the judgment of conviction.

On September 29, 1972, Officer Ronald Johnson, a narcotics officer with the Minneapolis Police Department, obtained a search warrant from a state court for 619 East 32nd Street, Apartment 3, Minneapolis, Minnesota, and for the person of Robert Lee Carwell. The search warrant was for the following specifically described property:

> Narcotic drugs and controlled substances possessed without authority of law including but not limited to heroin, cocaine, hypodermic needles and syringes and monies to show sales of above contraband and items of identification to show constructive possession of above contraband such as rent receipts, utility bills and other forms of personal identification.

Officer Johnson had also learned that a revolver might be in the possession of defendant at the same address. Officer Johnson did not attempt to apply for a search warrant to seize the handgun, since he was only concerned with a probable narcotics violation. Officer Johnson testified at the suppression hearing that he did not apply for a search warrant for the revolver because he could not specifically describe it. He did, however, contact a special agent with the Bureau of Alcohol, Tobacco and Firearms and asked him if he would like to accompany him during the search of defendant's apartment. Occupied with other matters, the special agent did not accompany Officer Johnson.

Officer Johnson and Lieutenant Bendt went to defendant's premises on September 29th to execute the search warrant. In the bedroom, Officer Johnson found two envelopes in a jacket pocket. One envelope contained several small aluminum foil packets of a powdery, brown substance. Lieutenant Bendt found the revolver, a .38 caliber Colt, in a dresser drawer of the same bedroom, while defendant, who was not resisting, was with Officer Johnson in the living room. Defendant told the officers that the powdery substance was part of a "bunco game," in which defendant "browned" a sleeping agent to make it appear like heroin. Officer Johnson, who knew prior to the search that defendant had been convicted of a felony, asked defendant where he had received the weapon. Defendant said that he had taken it on "pawn" the previous day for five dollars from a blond-haired boy named Johnny. Defendant was arrested for a narcotics violation. A subsequent chemical analysis of the seized brown, powdery substance proved it to be a non-controlled substance. Officer Johnson also released the revolver to the Bureau of Alcohol, Tobacco and Firearms, and defendant was charged with the violation of 18 U.S.C. App. § 1202(a)(1) of this case.

Defendant's timely motion to suppress the revolver was heard and denied on January 18, 1973. Defendant moved for reconsideration, and on May 10, 1973, the Honorable Miles W. Lord held an evidentiary hearing, and on May 15, 1973, denied defendant's motion to suppress the revolver. Defendant pled guilty on May 31, 1973, subsequently withdrew his guilty plea, and was found guilty by a jury on August 21, 1973. The Honorable Gerald W. Heaney, United States Circuit Judge, Eighth Circuit, sitting by designation, who presided at the trial, sentenced defendant to two years imprisonment. Defendant timely appealed.

Defendant argues that the revolver should have been suppressed because it was not uncovered "inadvertently", as purportedly required in this situation by the plurality in Coolidge v. New Hampshire, 403 U.S. 443, 467–473, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Defendant contends that "it can indeed be surmised that the police intended to look for and, if found, seize the revolver within the general guise of a search warrant specifying narcotics." Defendant argues that Coolidge requires the suppression of the revolver in this case,

since the discovery of the revolver was not "inadvertent" according to *Coolidge's* rationale.

The Government, however, opposes the application of *Coolidge* and instead cites Seymour v. United States, 369 F.2d 825, 827 (10th Cir. 1966), cert. denied, 386 U.S. 987, 87 S.Ct. 1297, 18 L.Ed.2d 239 (1967), for the principle that an officer may, in the execution of a valid search warrant, seize evidence of another crime.

We agree with the District Court that Coolidge v. New Hampshire is not applicable to the facts of this case. In *Coolidge,* Mr. Justice Stewart for the plurality said that *Coolidge* was "not a case involving contraband or stolen goods or objects dangerous in themselves." Coolidge v. New Hampshire, 403 U.S. at 472, 91 S.Ct. at 2041 (footnote omitted). Mr. Justice White, concurring and dissenting, also said:

> It is careful to note that Coolidge's car is not contraband, stolen, or in itself dangerous. Apparently, contraband, stolen, or dangerous materials may be seized when discovered in the course of an otherwise authorized search even if the discovery is fully anticipated and a warrant could have been obtained.

Coolidge v. New Hampshire, *supra* at 519, 91 S.Ct. at 2064.

The search of defendant's apartment for narcotics was properly authorized. Further, there is no indication that the search warrant for narcotics was in bad faith or a ruse to obtain entry in order to seize the revolver. The District Court specifically found that "the search was strictly for drugs and the Officers had no specific intent to search for and seize a weapon."

■ We think that the seizure of the revolver and its admission was proper under the rationale of Aron v. United States, 382 F.2d 965, 973–974 (8th Cir. 1967), which held:

> [T]hat where an officer is proceeding lawfully and making a valid search under a properly issued search warrant and comes upon evidence of another crime being committed in his presence, he is entitled to seize the fruits thereof and testify to the violation he saw committed in his presence.

In this case, Officer Johnson knew that defendant was a convicted felon and defendant admitted that he had purchased the revolver as a "pawn" on the previous day. Officer Johnson was entitled to seize the gun, since it was evidence of another crime (possession of a firearm by a convicted felon). Further, the rule announced in *Aron* has not been altered by *Coolidge,* which recognizes that the facts in *Coolidge* did not involve contraband. Coolidge v. New Hampshire, *supra* 403 U.S. at 472, 519, 91 S.Ct. 2022.

Second, defendant argues that the Government did not sufficiently prove that the revolver that he received was "in commerce or affecting commerce." 18 U.S.C. App. § 1202(a)(1). Defendant urges that the facts in this case are not sufficient to establish a nexus between defendant's receipt of the revolver with interstate commerce as required by United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971).

■ Defendant stipulated at trial that a sporting goods store in St. Louis Park, Minnesota, received the revolver in a shipment from Colt Industries, Inc., of Hartford, Connecticut, on January 9, 1967. That stipulation, in addition to defendant's admission that he purchased the revolver, satisfied the Government's burden of showing that defendant had received a firearm that was "in commerce or affecting commerce." We have previously ruled on this precise issue in United States v. Mancino, 474 F.2d 1240 (8th Cir. 1973). In *Mancino,* we interpreted Part III of the opinion in *Bass* [2] to hold that "in commerce or affecting commerce" is satisfied if the received

---

2. Part III of United States v. Bass was endorsed by Mr. Justices Marshall (who authored the opinion), Douglas, Stewart, and White. Mr. Justice Brennan did not join in

firearm has previously traveled in interstate commerce. United States v. Mancino, *supra* at 1242. Defendant stipulated that the revolver had been transported from Connecticut to Minnesota, which, in addition to defendant's admission that he purchased the revolver, discharged the Government's burden of proof on this issue.

Judgment of conviction affirmed.

Part III, thinking that the issue of the quantum of evidence was not before the Court in *Bass*. Mr. Justice Blackmun, joined by Mr. Chief Justice Burger, dissented, wanting to interpret the statute as reaching possession and receipt of firearms by convicted felons that have not been in or affected commerce and to reach the constitutionality of that interpretation.