**UNITED STATES of America, Appellee,**

v.

**Samuel E. HALEY, Jr., Appellant.**

**No. 73–1870.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 11, 1974.

Decided July 19, 1974.

J. Arnot Hill, Kansas City, Mo., for appellant.

Pat Eldridge, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before BRIGHT, STEPHENSON and WEBSTER, Circuit Judges.

STEPHENSON, Circuit Judge.

Appellant, Samuel E. Haley, challenges the sufficiency of the evidence sustaining his jury conviction for violation of 18 U.S.C. App. § 1202(a)(1), the receiving of a firearm by a convicted felon.[1] We affirm.

Haley was specifically charged in a one-count indictment with the receiving of a firearm by a convicted felon. Upon conviction he was sentenced to two years' imprisonment. There is no dispute that Haley had a prior felony conviction in Missouri, and that the firearm found in his possession had traveled at one time in interstate commerce. Haley contends that the evidence, while it establishes that he was in *possession* of the firearm, does not establish that he *received* the firearm. Haley further argues that there is no evidence concerning where or when he received the fire-

---

1. The statute provides:
   (a) Any person who—
      (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, or
      \*     \*     \*     \*     \*
   and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act [June 19, 1968], any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.
      \*     \*     \*     \*     \*

arm, hence, the venue of the crime has not been established.

The evidence produced at trial by the government[2] showed that the firearm in question, which was shipped from Belgium to New York and then to Missouri, was purchased in Kansas City, Missouri, from the C & R Specialty Company on August 6, 1969, and that the gun was stolen from the home of the purchaser, Andrew Webb, in Sedalia, Missouri, during the last week of May 1972. Appellant Haley was arrested in Marshall, Missouri, on October 22, 1972, with the firearm in his possession. The charge of receiving was then lodged against Haley.

■■ It is now clear that the requisite nexus with interstate commerce for 18 U.S.C. App. § 1202(a) purposes is met if the firearm is shown to have moved in interstate commerce at sometime prior to the charge of receipt. In United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), Mr. Justice Marshall wrote for the majority:

> The Government can obviously meet its burden in a variety of ways. * * * Significantly broader in reach, however, is the offense of "receiv[ing] * * * in commerce or affecting commerce," for we conclude that the Government meets its burden here if it demonstrates that the firearm received has previously traveled in interstate commerce. 404 U.S. at 350, 92 S.Ct. at 524.

*Accord* United States v. Carwell, 491 F. 2d 1334, 1336 (CA8 1974).[3] The interstate commerce connection is clearly made out in this case.

■ The parties to this lawsuit agree that the defendant's possession of the firearm is some evidence that he received the firearm. As the Sixth Circuit Court of Appeals has recognized, it is impossible to possess a firearm without having received it (unless the receiver manufactures it himself). United States v. Craven, 478 F.2d 1329, 1337 (CA6 1973); United States v. Brown, 472 F.2d 1181, 1182 (CA6 1973). We think that the government's evidence in this case, which established possession of the firearm, was circumstantial evidence which would allow the jury to reasonably infer receipt. *Craven, supra.*[4]

Even so, appellant strongly urges that the evidence was insufficient to prove receipt of the firearm within the Western District of Missouri. He relies heavily upon an unreported opinion concerning a similar charge against the same defendant. The court there granted Haley's motion for a judgment of acquittal after verdict. In that opinion, which was decided after the conviction in this case and which is a part of the designated record on this appeal, Judge Collinson stated:

> The government apparently seeks to avoid [the heavier burden of proving the nexus with interstate commerce in a possession case] by charging an obvious possession case[*] as a receiving case and urging, in effect, that since everyone who possesses a gun must have received it at sometime in the past, he is obviously guilty of receiving a gun, as well as possessing it, and can be convicted under the very broad language quoted above from *Bass*. This argument completely ignores the fundamental rule that "Venue is a fact which must be proved at the trial." * * * But, in this case, in which the government's evidence traces the gun to Kansas City in May, 1972 and next shows it in defendant's possession in Missouri, in February of 1973, a finding that the defendant received it in Missouri must necessarily be based on complete speculation and conjecture.

■ The government has the burden of proving that the criminal activity

---

2. The defense offered no evidence.

3. Title IV of the Act, 18 U.S.C. § 922, presents the government with a more difficult burden. Huddleston v. United States,

415 U.S. 814, 833, 94 S.Ct. 1262, 1273, 39 L. Ed.2d 782 (1974); United States v. Ruffin, 490 F.2d 557, 560 (CA8 1974).

4. *Craven* dealt with 18 U.S.C. § 922.

took place in the district where the prosecution is undertaken. Wright, Federal Practice and Procedure, § 307 at 601; Rule 18, Fed.R.Crim.P.; United States v. Luton, 486 F.2d 1021, 1022 (CA5 1973). Nevertheless, proof of venue need not be established beyond a reasonable doubt and in any event such proof may be circumstantial. Dean v. United States, 246 F.2d 335, 338 (CA8 1957); Holdridge v. United States, 282 F.2d 302, 305 (CA8 1960); *Wright, supra; see also* 18 U.S.C. § 3237(a).

 In United States v. Overshon, 494 F.2d 894, 899 (CA8 1974), this court reversed a receiving conviction under 18 U.S.C. App. § 1202(a)(1) for failure to establish venue.[5] We said:

> Because of the lack of any evidence as to venue and considering that the place where the substantive offense occurred was near the borderline between the Eastern and Western Districts of Missouri, we have no alternative but to reverse the conviction * * *. 494 F.2d at 899.

The sort of problem that was apparent in *Overshon* and in the unreported decision relied upon by appellant is not before us here. The evidence here established that the firearm was shipped to, stolen from, and found in the possession of appellant, all in the Western District of Missouri. It can, therefore, be reasonably inferred that the site of the receipt was the Western District of Missouri.

We note additionally that Haley and his attorney signed a stipulation as part of an Omnibus Hearing Report in conjunction with this case which stated in part, "It is stipulated between the parties: 12(a) That the venue of this case is properly laid in the Western District of Missouri." Indeed, venue was not challenged until after the verdict, in the motion for new trial.

 Improper venue can be waived. Hayes v. United States, 296 F. 2d 657 (CA8), cert. denied, 369 U.S. 867, 82 S.Ct. 1033, 8 L.Ed.2d 85 (1961); *Holdridge, supra,* 282 F.2d at 305.

There is a vast amount of circuit court authority supporting our view that appellant's attack upon venue comes too late. *E. g.,* United States v. Bohle, 445 F.2d 54 (CA7 1971); United States v. Dryden, 423 F.2d 1175 (CA5), cert. denied, 398 U.S. 950, 90 S.Ct. 1869, 26 L. Ed.2d 290 (1970); Harper v. United States, 383 F.2d 795 (CA5 1967) (venue waived if not challenged prior to trial). United States v. Rivera, 388 F. 2d 545 (CA2 1968); Gilbert v. United States, 359 F.2d 285 (CA9), cert. denied 385 U.S. 882, 87 S.Ct. 169, 17 L.Ed.2d 109 (1966) (venue waived where defendant makes specific motion to acquit at close of government's case without challenging venue). United States v. Polin, 323 F.2d 549 (CA3 1963) (venue waived if not challenged at close of government's case). United States v. McMaster, 343 F.2d 176 (CA6), cert. denied, 382 U.S. 818, 86 S.Ct. 42, 15 L.Ed. 2d 65 (1965) (venue waived if not challenged prior to verdict).

Even were we to agree that venue was improper in this case, we would affirm on the basis of waiver.

Affirmed.

---

5. Conviction on a conspiracy count was upheld.