**UNITED STATES of America,**
**Appellee,**

**v.**

**Terrance Michael CORBETT, Appellant.**

**No. 75–1027.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 16, 1975.

Decided June 23, 1975.

Rehearing and Rehearing En Banc
Denied July 22, 1975.

Joseph Howlett, Clayton, Mo., for appellant.

Michael Reap, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before JONES,[*] Senior Circuit Judge, HEANEY and HENLEY, Circuit Judges.

HENLEY, Circuit Judge.

The defendant, Terrance Michael Corbett, was convicted by a jury on one count of possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) and 5871 and on two counts of possession of a firearm, after having been convicted of a felony, in violation of 18 U.S.C. App. § 1202(a)(1).[1] On appeal the defendant assigns several points of error. We affirm the judgment of conviction.

*Validity of the Search.*

The defendant challenges the scope of a search of his house which produced a sawed-off shotgun and a .38 caliber revolver. The facts surrounding the search were developed during a suppression hearing and again by the government during the trial.

On June 6, 1974 Officer Thomas Bishop of the Bridgeton, Missouri Police Department obtained a search warrant from a St. Louis County magistrate. The application was supported by two affidavits based on information supplied by reliable informants. Each affidavit stated that a large quantity of marijuana had been stored at 57 Beacon, Ferguson, Missouri "under a bed in a first floor bedroom." Each informant was purported as saying that ". . . he was personally present in the above described location on June 6, 1974 and had

---

* Warren L. Jones, United States Court of Appeals for the Fifth Circuit, sitting by designation.

1. 26 U.S.C. § 5861(d) provides:
   It shall be unlawful for any person—
   (d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record.
   26 U.S.C. § 5871 states:
   Any person who violates or fails to comply with any provision of this chapter shall, upon conviction, be fined not more than $10,000, or be imprisoned not more than ten years, or both, and shall become eligible for parole as the Board of Parole shall determine.
   18 U.S.C. App. § 1202(a)(1) provides:
   (a) Any person who—
   (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony . . . and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

occasion to observe a large quantity of marijuana being placed under the bed in the bedroom of the residence and believes that drugs are being kept therein for the purpose of being broken down into smaller packages for eventual distribution by the residents of the dwelling house." The search warrant stated that probable cause existed to believe that marijuana would be found "under a bed in a first floor bedroom" and authorized a search of the "said premises."

Officers Bishop and Haun of the Bridgeton Police, along with several officers of the Ferguson Police, went to the defendant's premises and executed the search warrant at approximately 8:15 p.m. on June 6, 1974. The house had three bedrooms on the first floor. After knocking on the door and speaking with one of the occupants, the officers entered the house from a side door. They proceeded to make a quick search of the house to locate all the occupants. Officer Bishop observed a fully loaded .38 caliber revolver on top of the refrigerator in the kitchen. This gun was seized by another officer apparently as a safety precaution. At this point no arrests had been made.

Officers Bishop and Haun proceeded to search one first floor bedroom and found approximately two pounds of marijuana under a bed. Officer Haun then searched another first floor bedroom and found some marijuana and a sawed-off shotgun in a chifforobe.

The defendant claims that the search should have ceased after the marijuana was found in the first bedroom and, therefore, the trial court should have granted defendant's motion to suppress evidence of the seizure of the sawed-off shotgun found in the second bedroom. We disagree.

■ While recognizing that search warrants must be strictly construed, *Keiningham v. United States*, 109 U.S. App.D.C. 272, 287 F.2d 126, 129 (1960), we believe that a fair reading of the search warrant and the supporting affidavits shows that the warrant was properly issued and properly authorized a search of all the first floor bedrooms at 57 Beacon. The warrant does not describe any one particular bedroom where the marijuana was believed to be hidden, and since the marijuana was purportedly being held for breaking down and eventual sale the officers acted reasonably in continuing their search after a quantity of marijuana had been found in the first bedroom.

■ We also hold that the officers had the right to seize the sawed-off shotgun even though the warrant authorized a search for marijuana.

. . . [W]here an officer is proceeding lawfully and making a valid search under a properly issued search warrant and comes upon evidence of another crime being committed in his presence, he is entitled to seize the fruits thereof and testify to the violation he saw committed in his presence.

*Aron v. United States*, 382 F.2d 965, 973–74 (8th Cir. 1967).

■ Nevertheless, the defendant argues that officers lacked probable cause to seize the .38 caliber revolver on top of the refrigerator because the record is silent as to whether the officers knew that the defendant had a prior felony record. Possession of a pistol is not illegal per se, and, indeed, many pistols are lawfully possessed by citizens. Since the defendant received concurrent five-year probationary sentences for possession of both the revolver and the sawed-off shotgun, we perhaps could affirm defendant's conviction for possession of the revolver on the basis of the concurrent sentence doctrine. *See, Kilcrease v. United States*, 457 F.2d 1328, 1331 (8th Cir. 1972); *United States v. Irby*, 480 F.2d 1101, 1102 (8th Cir. 1973); *United States v. Dugan*, 477 F.2d 140, 143 (8th Cir. 1973). We conclude, however, that even if the revolver had not been seized and introduced into evidence, testimony that it had been observed on top of the refrigerator would have been admissible under the plain view doctrine. And we note that the defendant never denied the existence or location of the revolver but

only that it belonged to him. Accordingly, we hold that the trial court did not commit reversible error in receiving the revolver into evidence.

*Voir Dire.*

 The defendant next claims that the trial court committed reversible error when it read the indictment to the jury panel during voir dire. We disagree.

At a pretrial conference on the morning of trial, defendant's counsel objected to the reading of the entire indictment because it mentioned that the defendant had been convicted of a felony. Since the defendant's prior felony record was the basis for Counts II and III of the indictment, the trial court refused to sustain the objection.

The court stated the substance of the indictment to the jury panel from which they learned that it was charged that the defendant had been convicted of a felony of "stealing over $50." The court asked the panel if this prior felony conviction would influence their decision, and by their silence the panel indicated that they would give the defendant a fair trial. After opening statement by the government, defense counsel stipulated that the defendant had been convicted of "stealing over $50, a felony under the Missouri laws which he was convicted of in 1968." The defendant testified on his own behalf and admitted the felony conviction on direct examination. At the conclusion of trial, the jury was properly instructed not to consider the defendant's guilt or innocence merely because of his prior conviction.

In the circumstances of this case, we refuse to find that the defendant was prejudiced significantly by the jury being informed of his prior felony conviction. Indeed, proof of the prior felony was an essential element of Counts II and III.

*Closing Argument.*

 The defendant claims that the government attorney made prejudicial comments in his closing argument by insinuating that the defendant's witnesses had perjured themselves and had been "forced" to testify. These comments were objected to and the court admonished the jury that nothing said in closing argument could be considered as evidence. No motion for a mistrial was made and the court's admonition to the jury adequately dispelled any prejudice caused by the comments. *United States v. Stevens*, 509 F.2d 683, 686 n. 1 (8th Cir. 1975).

 Finally, we have considered the defendant's argument that the trial court erred in permitting officers to testify that they searched the house pursuant to a warrant and find it to be utterly without merit.

Affirmed.