405 F.Supp. 731 (1975)
UNITED STATES of America, Plaintiff,
v.
Frederick William WOLF, Defendant.
No. 75-200 Cr (1).
United States District Court, E. D. Missouri, E. D.
November 5, 1975.
*732 Donald J. Stohr, U. S. Atty., Melvin E. Horne, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.
Norman S. London, St. Louis, Mo., for defendant.

MEMORANDUM
MEREDITH, Chief Judge.
This cause was tried to the Court without a jury. Defendant is charged in Count I of a two-count indictment that on or about March 16, 1975, having been previously convicted in the Circuit Court of the City of St. Louis, Missouri, of burglary in the second degree, he did willfully and knowingly receive a certain firearm, a .22 caliber Derringer pistol, which was in and affecting commerce, in violation of section 1202(a)(1), Title 18 Appendix, United States Code; and Count II that on or about March 16, 1975, having been previously convicted in the Circuit Court of the City of St. Louis, Missouri, of burglary in the second degree, he did willfully and knowingly receive a firearm, a Smith & Wesson brand, .38 caliber revolver, which was in and affecting commerce, in violation of section 1202(a)(1), Title 18 Appendix, United States Code.
The evidence showed defendant had the following convictions:
September 8, 1958  Burglary in the second degree
July 3, 1953  Burglary in the second degree and larceny
August 3, 1965  Murder in the second degree.
Both weapons in Counts I and II were in full working order at the time they were in defendant's possession on or about March 16, 1975. The .22 caliber pistol in Count I had been shipped from Connecticut to a distributor in Sikeston, Missouri, which is in the Eastern District of Missouri. This gun was stolen from the Sikeston distributor on November 7, 1969. The .38 caliber revolver in Count II was stolen in Fort Smith, Arkansas, on March 10, 1973. The fact that both of these guns were in the possession of the defendant in the Eastern District of Missouri and one of them was shipped into the State of Missouri is sufficient to establish venue in the Eastern District of Missouri. Additionally, defendant stated he had purchased the .38 revolver in St. Louis, Missouri.
The defendant in this case is charged with having received a firearm. The fact that he was in possession of the firearm is evidence that it must have been received by him and the fact that each gun in Counts I and II previously *733 travelled in interstate commerce is sufficient to sustain the interstate commerce connection. United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971); United States v. Mancino, 474 F.2d 1240 (8th Cir. 1973); and United States v. Haley, 500 F.2d 302 (8th Cir. 1972).
The defendant argues that as to Count I, the offense was not committed within the statutory period and is barred by the statute of limitations, 18 U.S.C. § 3282, which requires that prosecution must be instituted within five years after the offense is committed. The Government has the burden of proof. The evidence does not show when the guns in question were received by the defendant. It does show that they were in the defendant's possession on or about March 16, 1975. The .22 caliber pistol in Count I was stolen in Sikeston, Missouri, on November 7, 1969, more than five years before the indictment was filed.
The Court is of the opinion that the Government has failed to sustain its burden of proof insofar as Count I is concerned for the reason that it is not shown by the evidence that the defendant received the pistol and was charged within the five-year period after it was received. He may have received the gun the next day after it was stolen, in which event the statute of limitations bars the offense, and possession on March 16, 1975, is insufficient to show when it was received and that it was received at a period of time which is not barred by the statute of limitations.
The same is not true with respect to Count II. It was received some time between the date it was stolen in Arkansas, March 10, 1973, and the date defendant had it in his possession on March 16, 1975. Accordingly, a judgment will be entered finding the defendant not guilty as to Count I and guilty as to Count II.