**UNITED STATES of America, Appellee,**

v.

**Frederick W. WOLF, Appellant.**

**No. 75–1960.**

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1976.

Decided May 21, 1976.

Lawrence Fleming, St. Louis, Mo., for appellant; Norman S. London, St. Louis, Mo., on brief.

Terry Adelman, Asst. U. S. Atty., St. Louis, Mo., for appellee; Donald J. Stohr, U. S. Atty. (Barry Short, U. S. Atty., effective May 15, 1976), and Melvin R. Horne, Asst. U. S. Atty., St. Louis, Mo., on brief.

Before ROSS, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Frederick W. Wolf, defendant below, was charged in a two-count indictment with violations of § 1202(a)(1) of 18 U.S.C., Appendix; both offenses were alleged to have been committed in the Eastern District of Missouri on or about March 16, 1975. The first count charged that the defendant, having been previously convicted of a felony, unlawfully received a certain .22 caliber Derringer pistol which had been shipped in interstate commerce from Connecticut into the Eastern District of Missouri. The second count charged an unlawful receipt of a .38 caliber Smith & Wesson revolver that had been stolen in Fort Smith, Arkansas, and thereafter transported into the Eastern District of Missouri.

The defendant pleaded not guilty and was tried to the district court[1] sitting without a jury. At the conclusion of the government's case the defendant moved for a judgment of acquittal; that motion was denied. Defendant elected to rest with the government and renewed his motion.

On November 5, 1975 the district court filed a memorandum opinion dealing with the questions presented by the record.

The defendant was found not guilty on Count I, there being no evidence to prove that the Derringer had been brought into the Eastern District of Missouri or received in that district by the defendant within the statutory period of limitations. *See United States v. Steeves,* 525 F.2d 33, 39–40 (8th Cir. 1975).

The defendant was found guilty on Count II, and he appeals alleging insufficiency of the evidence to convict. We affirm.

The evidence established that the .38 caliber revolver was stolen in Fort Smith, Arkansas from Dansby Council in March, 1973. On March 16, 1975 members of the St. Louis Police Department obtained a warrant authorizing a search for stolen merchandise in the home of the defendant located at 6201 Tilden Street. While executing the warrant the officers observed the two weapons mentioned in the indictment. Asked about how he acquired the weapon referred to in Count II the defendant replied that he had purchased the weapon from a black man on the streets of St. Louis. Over a period extending from September 8, 1958 to August 3, 1965 defendant had been convicted of at least three felonies.

■ At the trial of the case it was incumbent on the government to prove that the defendant had received the .38 caliber revolver in the Eastern District of Missouri and not elsewhere. *United States v. Haley,* 500 F.2d 302 (8th Cir. 1975). Since the defendant was not a manufacturer of firearms, he obviously "received" the weapon from someone, in some manner, and at some place. *United States v. Kelly,* 519 F.2d 251 (8th Cir. 1975).

While it was obvious that the weapon, which was stolen in Arkansas in 1973 and which was found in defendant's home in St. Louis in 1975, came into the Eastern District of Missouri at some time after the theft, the only positive evidence that the defendant received the gun in that district was his own declaration that he had purchased the gun in St. Louis.

For reversal, the defendant contends that it was incumbent on the government to corroborate that declaration by independent evidence, and that it failed to do so. We disagree.

■ The corpus delicti of the offense charged in Count II was the unlawful receipt of the weapon by the defendant. The place at which defendant received the gun was relevant only to the question of venue. While the government was required to prove venue, it was not required to do so by independent evidence beyond a reasonable doubt, and it could rely on circumstantial evidence together with the declaration of the defendant. *United States v. Haley, supra.*

■ It is quite true that the defendant could not be convicted on the basis of nothing but an uncorroborated confession or admission. *Smith v. United States,* 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192 (1954); *Opper v. United States,* 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954); *United States v. Kitzman,* 520 F.2d 1400, 1404 (8th Cir. 1975). However, in a case of this kind it is sufficient if the government's independent evidence tends to establish the trustworthiness of the confession or admission. Of course, the whole body of the evidence, including the statement in question, must be sufficient to convict. *Opper v. United States, supra,* 348 U.S. at 93, 75 S.Ct. at 164, 99 L.Ed. at 108; *Smith v. United States, supra,* 348 U.S. at 156, 75 S.Ct. at 199, 99 L.Ed. at 200.

1. The Honorable James H. Meredith, Chief Judge, United States District Court for the Eastern District of Missouri.

Assuming arguendo that the government cannot prove venue, as such, merely by showing that the defendant admitted receipt of the gun at a particular place, we are satisfied that here defendant's statement as to where he obtained the gun was adequately corroborated.

There was nothing unusual or inherently untrustworthy in the statement; it was made voluntarily; it was exculpatory at the time it was made, and it provided a reasonable explanation of defendant's acquisition of the weapon. The defendant was not a transient; he was a resident of St. Louis, and the weapon was found in his home. Those facts tended to establish the trustworthiness of the declaration, and justified the district court in finding, among other things, that the defendant received the gun in the Eastern District of Missouri.

Affirmed.