UNITED STATES of America, Appellee,

v.

Stanley Zane CUTTS, Appellant.

No. 76–1129.

United States Court of Appeals,
Eighth Circuit.

Submitted May 28, 1976.

Decided June 9, 1976.

Jack S. Nordby, St. Paul, Minn., for appellant.

Robert G. Renner, U. S. Atty., and Joseph T. Walbran, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before LAY, STEPHENSON and WEBSTER, Circuit Judges.

PER CURIAM.

Stanley Zane Cutts appeals from his conviction for unlawful receipt of a firearm by a convicted felon, in violation of 18 U.S.C. App. § 1202(a)(1).

On August 24, 1974, a Minnesota law enforcement officer obtained a warrant to search for cocaine at the residence of the defendant in Plymouth, Minnesota. The search led to discovery of controlled substances, as well as a .9 mm semi-automatic pistol, which led to the instant federal firearms prosecution.[1]

The conviction was secured upon agreed facts, with defendant contesting only the lawfulness of the search and seizure. Defendant challenges the search on this appeal, arguing: (1) that the affidavit supporting the search warrant failed to show probable cause to believe that narcotics were present on the premises; and (2) that the seizure of the pistol was unlawful because the officer securing the warrant knew of the existence of the weapon but did not request its inclusion as one of the items to be seized. We affirm the conviction.

Defendant complains that the crucial allegation in the affidavit, that the affiant had observed "powder represented to be

---

1. The search and seizure also led to a successful state narcotics prosecution.

cocaine," is "cryptic and indirect." Defendant argues that the affidavit does not state who was present when the "white powder" was observed, nor who had possession of the powder, nor who represented it to be cocaine, and that the affidavit thus fails to show probable cause to believe that narcotics would subsequently be found at the premises.

■ We are not persuaded by this argument. Affidavits for search warrants

. . . must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion.

. . . Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.

*United States v. Ventresca,* 380 U.S. 102, 108–09, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965).

*See also United States v. Koonce,* 485 F.2d 374, 380 (8th Cir. 1973); *United States v. Bridges,* 419 F.2d 963 (8th Cir. 1969). In the instant case, the affidavit stated that cocaine had been viewed on the premises of 12410 Highway 55, that the defendant and a woman named Susan (in addition to the informant) were present on the premises, and that both the defendant and Susan resided at the above address. No mention is made of any other persons, nor is it reasonable to view the informant as the possessor of the powder or the one representing it to be cocaine. Thus, under a commonsense reading of the affidavit, a magistrate could properly conclude that a controlled substance was in the possession of the residents of 12410 Highway 55 and would be found there upon a subsequent search. *See United States v. Bridges, supra.*

Second, defendant argues that the seizure of the weapon cannot be justified under any exception to the warrant requirement. He urges that the plain view doctrine is inapplicable since the officers had advance knowledge (through the information supplied by the confidential informant) of the existence of the weapon, and that its discovery was thus in no way inadvertent. The United States disputes this, noting that the weapon described by the informant was a ".38 caliber or a .357 magnum" (a revolver), while the weapon found was a .9 mm Browning semi-automatic (a flat pistol). Since the two types of firearms are distinct, the United States argues that the discovery of the Browning pistol was indeed inadvertent.

■ The pistol found in defendant's dresser constituted an object both dangerous in itself and contraband.[2] We have previously held lawful the warrantless seizure of weapons or contraband during the course of an otherwise authorized search, notwithstanding that the discovery was anticipated and that a warrant could have been obtained. *United States v. Carwell,* 491 F.2d 1334 (8th Cir.), *cert. denied,* 417 U.S. 949, 94 S.Ct. 3076, 41 L.Ed.2d 669 (1974). *See also Coolidge v. New Hampshire,* 403 U.S. 443, 519, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) (White, J., separate opinion); *United States v. Corbett,* 518 F.2d 113, 115 (8th Cir. 1975); *United States v. Golay,* 502 F.2d 182, 184 (8th Cir. 1974).

The judgment of conviction is affirmed.

---

**2.** The affidavit for the warrant recited the officer's knowledge that defendant had prior convictions.