**UNITED STATES of America,
Appellee,**

v.

**Alton Henry HOPKINS, Appellant.**

No. 75–1864.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 12, 1976.

Decided Feb. 18, 1976.

---

8. See footnote 4, supra.

Byron S. Southern, Little Rock, Ark., filed brief and reply brief for appellant.

W. H. Dillahunty, U. S. Atty., and Gene O'Daniel, Asst. U. S. Atty., Little Rock, Ark., filed brief for appellee.

Before LAY, HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

Alton Henry Hopkins appeals from his conviction in a jury trial for receiving a firearm after having been convicted of a felony, in violation of 18 U.S.C. App. § 1202(a). Appellant contends that (1) there was insufficient evidence to establish proper venue in the Eastern District of Arkansas; (2) the statute is ex *post facto* as applied to weapons which moved in interstate commerce before its passage; and (3) there was an insufficient showing of a nexus to interstate commerce. We affirm.

The evidence showed that the weapon was shipped from Miami, Florida to the Square Deal Pawn Shop in Little Rock, Arkansas, on February 16, 1967. The government then traced the gun through

various owners in Arkansas until October 21, 1974, when the testimony showed that the gun was stolen from the residence of one Richard Ice in the Eastern District of Arkansas. The next witness was an Alcohol, Tobacco and Firearms Agent who testified that he bought the gun from appellant Hopkins on November 14, 1974, only twenty-four days after the burglary at the Ice residence. The agent made this purchase while working undercover at a tavern in Little Rock, Arkansas, also in the Eastern District. There was no evidence that the gun ever left the Eastern District of Arkansas after the October burglary.

It is argued that, since the weapon was unaccounted for from October 21, 1974, until November 14 of the same year, when the agent purchased it from appellant, there is insufficient evidence that appellant received the weapon in the Eastern District of Arkansas. It is true that the government offered no testimony as to where the appellant received the weapon.

The government has the burden of proving that the alleged offense took place in the district of trial. *United States v. Kelly,* 519 F.2d 251, 254 (8th Cir. 1975). Proof of venue, however, need not be established beyond a reasonable doubt and may be circumstantial. *United States v. Haley,* 500 F.2d 302, 304–05 (8th Cir. 1974); *Holdridge v. United States,* 282 F.2d 302, 305 (8th Cir. 1960). Here, the evidence showed that the firearm was shipped into the Eastern District of Arkansas and stolen from a residence in that district. Less than a month later it was found in appellant's possession, still in the Eastern District of Arkansas. Under the circumstances, the jury could reasonably infer that appellant received the gun in the same district. *United States v. Haley, supra,* at 305.

Appellant's second contention is that since the interstate movement of the weapon occurred in 1967, while the statute was not enacted until 1968, the constitutional prohibition of *ex post facto*[1] statutes would bar his conviction. An *ex post facto* law is one which imposes criminal punishment for conduct lawful when committed. *Beazell v. Ohio,* 269 U.S. 167, 169, 46 S.Ct. 68, 70 L.Ed. 216 (1925). The conduct made criminal by § 1202(a) is receipt of a firearm by a convicted felon, not interstate transportation of the weapon by someone else. The government proved beyond a reasonable doubt that appellant received the weapon in late 1974. Thus, the *ex post facto* prohibition has no application here. *Cf. United States v. Steeves,* 525 F.2d 33 (8th Cir. 1975) (reversing a § 1202(a) conviction for failure to prove that receipt occurred after the statute became effective).

Finally, appellant argues that the government has failed to prove the requisite nexus to interstate commerce, since the proof showed that the gun had not moved between states since 1967, seven years before appellant received it. It is well settled that the government need show only that the firearm has travelled in or affected commerce at some time before its receipt to establish a violation of § 1202(a). *United States v. Bass,* 404 U.S. 336, 350, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971); *United States v. Steeves, supra* at 38–39; *United States v. Goings,* 517 F.2d 891, 892 (8th Cir. 1975); *United States v. Kelly, supra* at 254, n. 5; *United States v. Haley, supra* at 304. *Cf. Barrett v. United States,* —— U.S. ——, 96 S.Ct. 498, 46 L.Ed.2d 450 (44 U.S.L.W. 4050) (1976). None of the cases set any time limit in this matter. The government has amply proved the requisite nexus to interstate commerce in the instant case.

The judgment of conviction is affirmed.

---

1. "No . . . ex post facto Law shall be passed." U.S.Const. Art. I, § 9, cl. 3.