**YAFFE IRON & METAL CORPORATION, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 78–1389.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 17, 1978.

Decided March 12, 1979.

Rehearing and Rehearing En Banc
Denied April 9, 1979.

Sam Goodkin, Fort Smith, Ark., argued and on brief, for appellant.

Stanley S. Shaw, Jr., Atty. App. Sec., Tax Div., Dept. of Justice, Washington, D. C. (argued), Larry R. McCord, U. S. Atty., Fort Smith, Ark., M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, and Richard Farber, Washington, D. C., on brief, for appellee.

Before LAY and HEANEY, Circuit Judges, and HANSON,* Senior District Judge.

PER CURIAM.

Yaffe Iron & Metal Corporation ("Yaffe-Fort Smith"), an Arkansas corporation located in Fort Smith, Arkansas, appeals from the dismissal of its complaint seeking a refund of income taxes. Its principal contention is that the Commissioner of Internal Revenue erroneously determined that it and Yaffe Iron & Metal Company, Inc., ("Yaffe-Muskogee")[1] were members of a "brother-sister controlled group" and, as such, were each entitled to merely a proportionate share of the group's surtax exemption rather than the full exemption each would otherwise be entitled to. We affirm the judgment of the district court.[2]

The relevant facts are undisputed. For the years 1971 and 1972, Yaffe-Fort Smith and Yaffe-Muskogee each claimed a full surtax exemption of $25,000 under 26 U.S.C. § 11(d). The Commissioner, finding that the two Yaffe corporations constituted a brother-sister controlled group, disallowed half of the exemption for each corporation. Yaffe-Fort Smith thereupon paid under protest its resulting tax bill, amounting to $7,160.24, and filed the instant action to obtain a refund.

Under 26 U.S.C. § 1561, the component members of a controlled group of corporations are limited to a single $25,000 surtax exemption, divided equally among the component members or apportioned as the component members may agree. A "brother-sister controlled group" is defined in 26 U.S.C. § 1563(a)(2) as:

Two or more corporations if 5 or fewer persons who are individuals, estates, or trusts own (within the meaning of subsection (d)(2)) stock possessing—

(A) at least 80 percent of the total combined voting power of all classes of stock entitled to vote or at least 80 percent of the total value of shares of all classes of the stock of each corporation, and

(B) more than 50 percent of the total combined voting power of all classes of stock entitled to vote or more than 50 percent of the total value of shares of all classes of stock of each corporation, taking into account the stock ownership of each such person only to the extent such stock ownership is identical with respect to each such corporation.

---

* The Honorable William C. Hanson, United States Senior District Judge for the Southern District of Iowa, sitting by designation.

1. Yaffe Iron & Metal Company, Inc. ("Yaffe-Muskogee") is an Oklahoma corporation located in Muskogee, Oklahoma.

2. The Honorable Paul X Williams, Chief Judge, Western District of Arkansas.

Under subsection (d)(2), stock owned by a person includes both stock owned directly by that person and stock owned indirectly through a corporation. *See* 26 U.S.C. § 1563(e)(4).[3]

The 80% and 50% tests delineated in the statute perform two distinct functions in defining brother-sister controlled groups. The former limits the applicability of § 1563(a)(2) to instances in which nearly all of the stock of each corporation in the corporate group is owned by five or fewer persons. The latter test, by taking into account stock ownership only to the extent any given person owns identical amounts of stock in each of the various group corporations, further limits the sweep of § 1563(a)(2) to situations in which the same small group of individuals has control of each corporation in the group as defined by majority voting power or common ownership. This Court has previously observed that "§ 1563(a)(2)(A) is a financial interest test, while § 1563(a)(2)(B) is a control test." *T. L. Hunt, Inc. v. Commissioner of Internal Revenue*, 562 F.2d 532, 535 (8th Cir. 1977).

The application of § 1563 to the corporations at issue here turns on an examination of the total value of shares owned rather than the voting power held by owners of stock. Further, in view of the fact that a portion of Yaffe-Fort Smith was owned by Yaffe-Muskogee, the attribution rules of 26 U.S.C. §§ 1563(d)(2), (e)(4) are implicated. Under these circumstances, the determination of controlled group status involves three steps: (1) determination of the ownership of the two corporations; (2) adjustment of ownership through application of the attribution provisions to the Yaffe-Fort Smith stock owned by Yaffe-Muskogee; and (3) application of the 80% and 50% tests tests to the revised ownership percentages thus established.

The direct ownership of the two corporations was as follows:

| Owner | Yaffe-Fort Smith | Yaffe-Muskogee |
|---|---|---|
| Richard Yaffe | 30.0% | — |
| Robert Yaffe | 32.5% | 51% |
| Yaffe-Muskogee | 37.5% | — |
| Steve Yaffe | — | 20% |
| Rose Yaffe | — | 13% |
| Eleanor Nordhauser | — | 8% |
| Linda Cabat | — | 8% |
| | 100.0% | 100% |

Following the provisions of 26 U.S.C. § 1563(e)(4), the Commissioner attributed to the shareholders of Yaffe-Muskogee the 37.5% interest held by that corporation in Yaffe-Fort Smith. The resulting ownership figures for Yaffe-Fort Smith are as follows:

| Shareholder | Owned Directly | Percentage Attributed From Yaffe-Muskogee | Total |
|---|---|---|---|
| Richard Yaffe | 30.0% | –0– | 30.000% |
| Robert Yaffe | 32.5% | 19.125% (37.5% x 51%) | 51.625% |
| Steve Yaffe | –0– | 7.500% (37.5% x 20%) | 7.500% |
| Rose Yaffe | –0– | 4.875% (37.5% x 13%) | 4.875% |
| Eleanor Nordhauser | –0– | 3.000% (37.5% x  8%) | 3.000% |
| Linda Cabat | –0– | 3.000% (37.5% x  8%) | 3.000% |
| TOTAL | | | 100.000% |

Finally, using these revised ownership figures, the Commissioner determined that the two corporations formed a brother-sister controlled group, for, as the following chart shows, they satisfied both the 80% test and the 50% test set forth in 26 U.S.C. § 1563(a)(2).

**3.** 26 U.S.C. § 1563(e)(4) reads as follows:

Stock owned, directly or indirectly, by or for a corporation shall be considered as owned by any person who owns . . . 5 percent or more in value of its stock in that proportion which the value of the stock which such person so owns bears to the value of all the stock in such corporation.

| Shareholder | 80% Test § 1563(a)(2)(A) | | 50% Test § 1563(a)(2)(B) |
|---|---|---|---|
| | Yaffe-Fort Smith | Yaffe-Muskogee | |
| Richard Yaffe | 30.000% | –0– | –0– |
| Robert Yaffe | 51.625% | 51.000% | 51.000% |
| Steve Yaffe | 7.500% | 20.000% | 7.500% |
| Rose Yaffe | 4.875% | 13.000% | 4.875% |
| Eleanor Nordhauser | 3.000% | 18.000% | 3.000% |
| TOTAL | 97.000% | 92.000% | 66.375% |

The district court agreed with the Commissioner and dismissed Yaffe-Fort Smith's refund action. *Yaffe Iron & Metal Corporation v. United States*, 78–1 U.S. Tax Cas. ¶ 9314 (W.D.Ark.1978).

On appeal, Yaffe-Fort Smith presents numerous arguments as to why it should not be deemed a member of a brother-sister controlled group. First, it contends that the 37.5% interest in it owned by Yaffe-Muskogee should not have been attributed to the latter's shareholders. Noting that 26 U.S.C. § 1563(a)(2) speaks only of stock owned by "individuals, estates, or trusts", appellant argues that stock owned by corporations is excluded from consideration. This argument ignores the clear language of 26 U.S.C. § 1563(e)(4), *see* n.3, *supra,* which authorizes the attribution of stock held by corporations.

Equally without merit is appellant's contention that, in determining the amount of "identical" ownership for the purposes of the 50% test in 26 U.S.C. § 1563(a)(2)(B), the district court erred in equating directly-owned stock with constructively-owned stock. The statute specifically requires that stock constructively owned by a person be treated as actually owned by that person. 26 U.S.C. § 1563(f)(2)(A).

Next, appellant argues that the 50% test was not satisfied because five shareholders did not control more than 50% of the total combined voting power of the stock of each corporation. The Government concedes that, as a result of an agreement by Richard and Robert Yaffe to share voting power in Yaffe-Fort Smith 50-50, the voting power part of the 50% test was not fulfilled. Nonetheless, the 50% test contains two alternative standards, one predicated on voting power and the other on total value, either of which may be invoked. The total value standard was satisfied in this case, for Robert Yaffe alone owned more than 50% of the total value of the shares of each corporation.

In arguing that there was no common control of the corporations, appellant relies on a contextually unwarranted construction of our reference in *T. L. Hunt, Inc. v. Commissioner of Internal Revenue, supra,* to the 50% test as a "control test." We obviously did not mean to imply by that reference that voting power was the sole measure of control in contradiction to the plain language of the statute. As we have noted *supra,* the statute makes common ownership of equal significance in applying the so-called "control test." The key functional distinction between the 80% test and the 50% test is not that the former is concerned with ownership and the latter voting power, but that the former does not contain the latter's requirement that each person whose holdings are considered in applying the test must own stock in each of the controlled corporations. *Id.* at 535.

Appellant's next argument is that § 1563 is inapplicable because there was no showing that it engaged in tax avoidance. We disagree. Whereas other statutory attempts to curb abuses concerning multiple surtax exemptions require a showing of tax avoidance, § 1563 contains a mechanical test that was satisfied in this case. *See Fairfax Auto Parts of Northern Virginia, Inc. v. Commissioner of Internal Revenue*, 65 T.C.

798, 812–13 (1976) (dissent), *rev'd,* 548 F.2d 501 (4th Cir.), *cert. denied,* 434 U.S. 904, 98 S.Ct. 300, 54 L.Ed.2d 452 (1977).

■ Next, appellant attacks a mechanical application of § 1563 as unconstitutional in that it unreasonably discriminates against corporations that were not formed for the purpose of obtaining an additional surtax exemption. The district court properly rejected this argument, for the classification made by Congress in § 1563 is a reasonable method of ensuring that the surtax exemption will not be abused by "enterprises which use, or might choose to use, the multiple corporate form of organization." H.R. Rep.No.749, 88th Cong., 2nd Sess. 117, *reprinted in* [1964] U.S.Code Cong. & Admin. News, p. 1426; *see United States v. Maryland Savings-Share Ins. Corp.,* 400 U.S. 4, 6, 91 S.Ct. 16, 27 L.Ed.2d 4 (1970).

■ Finally, appellant argues § 1563 is unconstitutional as an *ex post facto* law because, when it was enacted in 1964, it penalized the two Yaffe corporations for their relatedness, which predated 1964 and yet had evoked no penalty prior to the enactment of § 1563. The *ex post facto* clause, however, is inapplicable because it extends only to criminal statutes. *Galvan v. Press,* 347 U.S. 522, 531, 74 S.Ct. 737, 98 L.Ed. 911 (1954); *United States v. Hopkins,* 529 F.2d 775, 777 (8th Cir. 1976), *cert. denied,* 431 U.S. 965, 97 S.Ct. 2920, 53 L.Ed.2d 1060 (1977).

Accordingly, we affirm the judgment dismissing the complaint.