DIXIE REALTY COMPANY, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; DIXIE FURNITURE COMPANY, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dixie Realty Co. v. Commissioner
Docket Nos. 11668-78, 11669-78.
United States Tax Court
T.C. Memo 1980-297; 1980 Tax Ct. Memo LEXIS 290; 40 T.C.M. (CCH) 868; T.C.M. (RIA) 80297; August 5, 1980, Filed *290 Although this Court adheres to its views in Fairfax Auto Parts of No. Va., Inc. v. Commissioner, 65 T.C. 798 (1976), revd. and remanded 548 F. 2d 501 (4th Cir. 1977), cert. denied 434 U.S. 904 (1977), held, petitioners are brother-sister corporations and entitled to only a single surtax exemption, sec. 1561, Internal Revenue Code. T.L. Hunt, Inc. v. Commissioner, 562 F. 2d 532 (8th Cir. 1977), followed on the authority of Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F. 2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971), since appeal herein lies in the Eighth Circuit. W. G. Dinning, Jr., for the petitioners. Vallie C. Brooks, for the respondent. EKMAN
MEMORANDUM OPINION EKMAN, Judge: * Respondent determined the following deficiencies in petitioners' Federal income tax: Docket
Taxable year
No.
Petitioner
ending
Deficiency
11668-78
Dixie Realty Company, Inc.
Aug. 31, 1976
$3,253.09
11669-78
Dixie Furniture Company, Inc.
Apr. 30, 1976
6,273.81
The sole issue presented for decision is whether the petitioners were members of a controlled group *293 of corporations within the meaning of section 1563(a)(2), Internal Revenue Code, during the taxable years in question and thus subject to the provisions of section 1561(a) limiting the surtax exemption available to petitioners under section 11(d). These cases were consolidated for purposes of trial, briefing, and opinion. All of the facts have been stipulated and are so found. The stipulation of facts together with the attached exhibits are incorporated herein by this reference. The pertinent facts are as follows. Petitioner Dixie Realty Company, Inc. (Dixie Realty), was organized in 1954 under the laws of the State of Arkansas. At the time its petition herein was filed Dixie Realty's principal place of business was in Helena, Ark., and its Federal income tax teturn (Form 1120) for its fiscal year ending August 31, 1976, was filed with the Director, Internal Revenue Service Center, Austin, Tex. Petitioner Dixie Furniture Company, Inc. (Dixie Furniture) was organized under the laws of the State of Arkansas in 1948. Dixie Furniture had its principal place of business in Helena, Ark., at the time its petition herein was filed. Dixie Furniture filed *294 its Federal income tax return (Form 1120) for its fiscal year ending April 30, 1976, with the Director, Internal Revenue Service Center, Austin, Tex.
On the respective tax returns for the years in controversy Dixie Realty claimed a surtax exemption under section 11(d) in the amount of $11,618.18, and Dixie Furniture claimed a surtax exemption in the amount of $25,000. Respondent determined that the petitioners are component members of a controlled group of corporations as defined by section 1563(a)(2). Statutory notices of deficiency were sent to each petitioner on August 24, 1978. The only adjustments determined by respondent in the notices were the disallowance, under section 1561, of the entire surtax exemption claimed by Dixie Realty and $11,618.18 of the $25,000 surtax exemption claimed by Dixie Furniture. The outstanding voting stock of Dixie Realty is owned by two individuals, A.B. Lewis and W.G. Dinning, Jr., who own 66-2/3 percent and 33-1/3 percent, respectively. As of December 31, 1975, the issued common stock of Dixie Furniture was owned as follows: Relation to
No. of
Stockholder
A.B. Lewis
shares
Percentage
A.B. Lewis
6,000
60.00
Mark Lewis
Son
398
3.98
Lynette Lewis
Daughter
319
3.19
Alan Lewis
Son
575.5
5.75
Carla Lewis
Daughter
356
3.56
H.B. Lewis
Brother
1,494
14.94
Betty Young
Sister
855
8.55
Dixie Foundation
1,240
0
Treasury Stock
1,488.5
0
*295 The parties agree that the stock in Dixie Furniture shown above as being held by Dixie Foundation and as Treasury Stock is to be considered "excluded stock" under section 1563(c)(1). The parties have agreed that, should we determine that the petitioners are component members of a controlled group of corporations, Dixie Furniture is entitled to a surtax exemption in the amount of $25,000 pursuant to section 11(d) for its taxable year ending April 30, 1976, and Dixie Realty is not entitled to any surtax exemption under section 11(d) for its taxable year ending August 31, 1976. See sec. 1561(a), sec. 1.1561-3(A)(a), Income Tax Regs.
Section 11(a) imposes a tax on the taxable income of every corporation consisting of a normal tax computed under subsection (b) and a surtax computed under subsection (c). Subsection (c) imposes a surtax of 26 percent of the amount by which the taxable income exceeds the surtax exemption for the taxable year. The surtax exemption under subsection (d) for the years in question was $25,000 except as otherwise determined under section 1561. Section 1561(a)(1) provided that the component members of a controlled group of corporations shall be limited *296 to one surtax exemption under section 11(d). In defining the term "controlled group of corporations" section 1563(a)(2) defines a brother-sister controlled group as follows: (2) Brother-sister controlled group.--Two or more corporations if 5 or fewer persons who are individuals, estates, or trusts own (within the meaning of subsection (d)(2)) stock possessing -- (A) at least 80 percent of the total combined voting power of all classes of stock entitled to vote or at least 80 percent of the total value of shares of all classes of the stock of each corporation, and (B) more than 50 percent of the total combined voting power of all classes of stock entitled to vote or more than 50 percent of the total value of shares of all classes of stock of each corporation, taking into account the stock ownership of each such person only to the extent such stock ownership is identical with respect to each such corporation. Subsection (d)(2) of section 1563 provides that for purposes of determining whether a corporation is a member of a brother-sister controlled group, stock owned by a person means stock owned directly by such person and stock owned with the application of the constructive *297 ownership rules of subsection (e). Under those rules the stock owned by Mark Lewis, Lynette Lewis, Alan Lewis, and Carla Lewis is considered owned by A.B. Lewis for purposes of the section. Sec. 1563(e)(6). Inasmuch as A.B. Lewis owns more than 50 percent of the total value of shares of all classes of stock of each petitioner, one part of the two-part test contained in section 1563(a)(2) is clearly satisfied. The controlversy herein centers on whether the ownership of stock in petitioners by persons other than A.B. Lewis can be taken into account for purposes of the 80-percent test of that section. Petitioners contend that before a person's stock ownership can be taken into account for purposes of the 80-percent test under section 1563(a)(2)(A) that person must own stock in each corporate member of the corporate group. They rely on this Court's decision in Fairfax Auto Parts of No. Va., Inc. v. Commissioner, 65 T.C. 798 (1976), revd. and remanded 548 F. 2d 501 (4th Cir. 1977), cert. denied 434 U.S. 904 (1977), and subsequent decisions of this Court regarding this issue. [1] Further, petitioners contend that section 1563(a)(2) is *298 unconstitutional as violative of the due process clause of the Fifth Amendment in that minority shareholders of the members of the controlled group are subjected to the effects of additional corporate income taxes by the action of the majority. Respondent's position is that the stock ownership of a person in any member of a controlled group of corporations may be considered for purposes of the 80-percent test contained in section 1563(a)(2)(A) even though that individual owns no stock in any other member. Specifically, respondent contends that the stock ownership *299 of W.G. Dinning, Jr., in Dixie Realty may be considered even though he owns no stock in Dixie Furniture, and the stock ownership of either H.B. Lewis or Betty Young in Dixie Furniture may be considered even though neither owns stock in Dixie Realty. Respondent relies on section 1.1563-1(a)(3)(i) and (ii), Income Tax Regs, and contends that Fairfax Auto Parts of No. Va., Inc. v. Commissioner, supra, in which we declared his regulation invalid, and the subsequent decisions of this Court in which we followed Fairfax, [2] were wrongly decided. Respondent urges us to reconsider our position concerning this issue. Respondent has not presented any new arguments or theories in support of his determination. For the reasons we have articulated in Charles Baloian Co. v. Commissioner, 68 T.C. 620 (1977), on appeal (9th Cir. Apr. 19, 1978), [3] and without repetition of the arguments therein discussed, we decline to reconsider our position at this time. However, we observe that under section 7482 an appeal from our decision in this *300 case would lie in the Eighth Circuit. In Golsen v. Commissioner, 54 T.C. 742, 757 (1970), affd. 445 F. 2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971), we held that we will follow a Court of Appeals decision which is squarely in point where appeal from our decision lies to that Court of Appeals and to that court alone. T.L. Hunt, Inc. v. Commissioner, 562 F.2d 532 (8th Cir. 1977), revg. and remanding a Memorandum Opinion of this Court, is squarely in point with the issue raised herein and we are therefore constrained to follow that decision in this case. See also Yaffe Iron & Metal Corp. v. United States, 593 F. 2d 832 (8th Cir. 1979). In so holding we are not unmindful of petitioners' contention that section 1563(a)(2)(A) is violative of the due process clause of the Fifth Amendment. We note that a similar argument was raised by the taxpayer in Yaffe Iron & Metal Corp. v. United States, an unreported case ( W.D. Ark. 1978, 41 AFTR 2d 78-1057, 78-1 USTC par. 9314), affd. 593 F. 2d 832 (8th Cir. 1979). In that case the court held the classification made in section *301 1568 to be a reasonable method of distinguishing those corporations which are so closely held that they should be made to share the corporate surtax exemption and clearly not so arbitrary a classification as to violate the due process clause of the Fifth Amendment. We have carefully considered petitioners' argument that the minority shareholders are deprived of the benefits of the surtax exemption by the actions of the majority shareholders of the controlled group, but we are not persuaded that the tax effects of minority ownership result from any violation of the due process clause of the Fifth Amendment. See Brushaber v. Union Pac. R.R., 240 U.S. 1 (1916).[4]
Due to the agreement of the parties as to the allocation of the surtax exemption among the petitioners, Decisions will be entered under Rule 155. Footnotes
*. By Order of the Chief Judge dated July 1, 1980, these cases were reassigned from Judge Darrell D. Wiles to Judge Sheldon V. Ekman↩.
1. See T.L. Hunt, Inc. v. Commissioner, T.C. Memo. 1976-221, revd. and remanded 562 F. 2d 532 (8th Cir. 1977); Charles Baloian Co. v. Commissioner, 68 T.C. 620 (1977), on appeal (9th Cir. Apr. 19, 1978); Delta Metalforming Co., Inc. v. Commissioner, T.C. Memo. 1978-354, on appeal (5th Cir. Dec. 6, 1978); Allen Oil Co., Inc. v. Commissioner, T.C. Memo. 1979-88, revd. and remanded 614 F. 2d 336 (2d Cir. 1980); Davidson Chevrolet Company v. Commissioner, T.C. Memo. 1979-414↩, on appeal (6th Cir. Dec. 31, 1979).
2. See n. 1, supra↩.
3. See also Delta Metalforming Co., Inc. v. Commissioner, supra↩.
4. We note that the petitioners herein are the corporations and not the minority shareholders who suffer the deprivation of tax benefits complained of. In view of our disposition of this issue we need not comment further on the question of petitioners' standing herein.↩