**UNITED STATES of America, Plaintiff,**

**v.**

**Adolf MEYER, Defendant.**

**84–0663–JLI–Crim.**

United States District Court,
S.D. California.

Nov. 30, 1984.

See also 602 F.Supp. 1480.

Joan P. Weber, Asst. U.S. Atty., San Diego, Cal., for plaintiff.

Edmundo Espinoza, San Diego, Cal., for defendant.

## MEMORANDUM DECISION AND ORDER

IRVING, District Judge.

Defendant MEYER's motion to dismiss the indictment and motion to suppress evidence came on for hearing on October 23, 1984. Joan P. Weber appeared on behalf of the government; Edmundo Espinoza appeared on behalf of the defendant. Having considered all papers filed in support of and in opposition to the motions, and the oral argument of counsel, the court issues the following memorandum.

## BACKGROUND

On June 30, 1984, MEYER exited Mexico and presented himself for inspection at the San Ysidro Port of Entry. MEYER was driving a 1973 Chevrolet pickup and camper with one passenger, a fifteen year old boy later identified as MINOR #1 in the indictment. A customs inspector directed MEYER to a secondary inspection area where the vehicle was searched. During the search, the officer found a binder containing pornographic pictures of young males, a camera and a notebook containing the names, ages and physical dimensions of young males.

A 28-count superceding indictment charges MEYER with the following: Counts One and Two charge MEYER with knowingly inducing a minor to engage in sexually explicit conduct for the purpose of producing a print medium, in violation of 18 U.S.C. § 2251. Counts Three through Fifteen charge MEYER with knowingly transporting in foreign commerce a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C.

§ 2252(a)(1). Counts Sixteen through Twenty-eight charge MEYER with knowingly importing merchandise contrary to law, in violation of 18 U.S.C. § 545.

MEYER moves to suppress evidence taken from the camper and to dismiss the indictment. The court denied, on the record, all but one of these motions at the time of the motion hearing. The court took under submission MEYER's motion to dismiss Counts One and Two of the indictment on ex post facto grounds. This memorandum addresses that motion.

## DISCUSSION

The Child Protection Act of 1984, 18 U.S.C. §§ 2251–2254, enacted May 21, 1984, amends the Child Protection Act of 1977. The 1984 amendment changes the law in three aspects which are pertinent to this case. First, the 1984 amendment increases the penalties for violation of the Act and adds a provision for criminal and civil forfeiture. Though the maximum prison term is not increased, the fines for violation of § 2251 and § 2252 are; the maximum fine for first time offenders for either section is increased from $10,000 to $100,000. The maximum fine for persons who have a prior conviction under either section is also increased. Second, a "minor" was previously defined as a person under sixteen years of age. A "minor" for purposes of the 1984 Act is redefined as a person under the age of eighteen years. 18 U.S.C. § 2253(1). Third, the amendment removes the requirement that production or assistance in the production of child pornography be done for pecuniary gain. Now the Act prohibits the production, or assistance in the production of, or causing a minor to assist in the production of, a visual depiction of a minor engaged in sexually explicit conduct. 18 U.S.C. § 2251.

MEYER argues that Counts One and Two of the indictment, alleging violations of 18 U.S.C. § 2251, are an ex post facto application of the law.

Count One charges:

In or about March 1984, defendant ADOLF MEYER did knowingly employ, use, persuade, induce, entice and coerce a minor (hereinafter minor # 1) to engage in sexually explicit conduct for the purpose of producing visual or print mediums depicting such conduct, which such visual or print mediums were thereafter transported in foreign commerce from Mexico to San Diego, California; in violation of Title 18, United States Code, Section 2251.

Count Two charges:

In or about June 1983, defendant ADOLF MEYER did knowingly employ, use, persuade, induce, entice and coerce a minor (hereinafter minor # 2) to engage in sexually explicit conduct for the purpose of producing visual or print mediums depicting such conduct, which such visual or print mediums were thereafter transported in foreign commerce from Mexico to San Diego, California; in violation of Title 18, United States Code, Section 2251.

MEYER asserts that when he took the pictures it was not a crime to do so and that these charges are an ex post facto application of the law. Specifically, he argues that when he produced these pictures in March 1984 and June 1983, he did not do so for pecuniary gain, and as a result, he is now deprived of a defense that had been available when he committed the act. MEYER also asserts that his prosecution is an ex post facto application of the law because the punishment for the crime has increased since he produced the pictures.

The government contends that MEYER's transportation of the photos, and one of the subjects of the photos after May 21, 1984, and up to the time he was arrested, is part of a continuing series of criminal activity in violation of § 2251. As such, the government argues that prosecution of MEYER under the 1984 amendment would not be an ex post facto application of the law. The government relies on cases which hold that when a series of acts constituting one crime continue up to and beyond the date of a statute's amendment, prosecution under the amendment is not ex post facto. *See e.g. United States v. Woods*, 696 F.2d

566 (8th Cir.1982); *United States v. Hopkins,* 529 F.2d 775 (8th Cir.1976).

■ An ex post facto law imposes a punishment for an act which was not punishable at the time it was committed or additional punishment to that previously prescribed, or deprives one of a defense available under the law at the time when the act was committed. *Weaver v. Graham,* 450 U.S. 24, 28, 101 S.Ct. 960, 963, 67 L.Ed.2d 17 (1980); *Beazell v. Ohio,* 269 U.S. 167, 169–170, 46 S.Ct. 68, 68–69, 70 L.Ed. 216 (1925).

■ In determining whether § 2251 is applied ex post facto in this prosecution, it is necessary to determine what activity § 2251 makes criminal, and when MEYER's activity that comes within the purview of § 2251 occurred. The court recognizes that its interpretation of § 2251 is one of first impression and relies on a plain reading of the statute and the legislative history. It is clear that § 2251 prohibits the employment, use, persuasion, seduction, enticement or coercion of a minor to engage in, or have a minor assist in, production of visual depictions of sexually explicit conduct. However, it is not clear, as the government would suggest, that § 2251 makes criminal later acts involving interstate transportation of such visual depictions. The express prohibition in 18 U.S.C. § 2252 of interstate or foreign transportation and shipment of obscene visual depictions involving minors suggests that § 2251 is not directed toward or intended to make criminal later transportation of sexually explicit depictions. Section 2251 is violated only if the person producing the child pornography "knows or has reason to know that such visual or print medium will be transported in interstate or foreign commerce or mailed, or if such visual or print medium has actually been transported in interstate or foreign commerce or mailed." The statute is silent as to who must eventually transport or mail the material.

■ MEYER's act of producing the child pornography, the act which § 2251 now prohibits, ceased when he stopped creating the visual depictions and using a minor to do so. The criminal act § 2251 concerns itself with does not include the later travels of the pornography through the mail or interstate or foreign commerce. Section 2252 specifically addresses the mailing or interstate or foreign transportation of child pornography, and MEYER is charged in Counts Three and Four with transportation of the visual depictions named in Counts One and Two, in violation of § 2252.

The court feels the authority cited by the government is not applicable to this case. The court finds that MEYER's actions that would allegedly violate § 2251 are not a series of acts continuing to and past the statute's amendment.

The court finds that MEYER's acts of producing the visual depictions charged in Counts One and Two ceased when he stopped producing the photos in March 1984 and June 1983, respectively. Thus, this court finds that MEYER is charged with a violation of law that imposes punishment for an act which was not punishable at the time it was committed and imposes additional punishment to that previously prescribed. This conclusion is based on two facts; first, that the new statute does not require pecuniary gain nor has the government alleged any, and second, that MINOR # 2 was not a minor by the Act's definition when the depictions of him were produced.

The court finds that Counts One and Two violate the constitutional prohibition against ex post facto laws and hereby grants MEYER's motion to dismiss.

IT IS SO ORDERED.