JAY N. KARPA and ELIZABETH J. KARPA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Karpa v. Commissioner
Docket No. 10361-88
United States Tax Court
T.C. Memo 1989-535; 1989 Tax Ct. Memo LEXIS 535; 58 T.C.M. (CCH) 278; T.C.M. (RIA) 89535; September 27, 1989
Jay Fred Cohen, for the petitioners. Clare J. Brooks, for the respondent. COLVIN
MEMORANDUM OPINION COLVIN, Judge: This matter is before the Court on the parties' cross motions for judgment on the pleadings under *536 Rule 120. [1] The sole issue to be resolved is whether the retroactive increase in the addition to tax from 10 percent to 25 percent under section 6661 (substantial understatement of liability), enacted in 1986 is prohibited by the Constitution of the United States as an ex post facto law. We hold that retroactive imposition of the increase in the addition to tax rate from 10 percent to 25 percent is not a prohibited ex post facto law. Respondent determined that additions to tax for taxable year 1984 were due from petitioners as follows: Section 6653(a)(1)
$ 546.65
Section 6653(a)(2)
50% of the interest due on the
underpayment caused by
negligence of $ 10,933.07.
Section 6661
$ 2,733.27
Petitioners timely filed a petition placing in dispute only the addition to tax under section 6661 in the amount of $ 2,733.27 by providing in their petition: 3. The deficiency as determined by the Commissioner are the penalties for the calendar year 1984 in the *537 amount of $ 2,733.27 under Section 6661 and 546 under Section 6653(a1)(a2) (sic) of the I.R.S. Code, of which only the penalty issued under Section 6661 in the amount of $ 2,733.27 is in dispute. The error alleged in the petition is set forth as follows: a. The imposition of this penalty on a tax year prior to 1986 is in violation of the Constitution of the United States, Section 9, Limitations upon Power of Congress, "No Bill of Attainder or Ex Post Facto Law Shall Be Passed." In their petition, petitioners prayed "that the penalty imposed by the Commissioner under Section 6661 be declared unconstitutional and void." Respondent filed a motion for judgement on the pleadings alleging the petition raises no factual dispute and that the pleadings in this case are closed and that respondent is entitled to a decision in its favor. Petitioner filed a motion for judgment on the pleadings along with petitioner's objection to respondent's motion. Petitioners agree that the only issue raised in the pleadings is whether section 6661 as applied to them is constitutional. Petitioners claim that section 6661 is an ex post facto law which is prohibited by article 1, section *538 9, clause 3 of the Constitution of the United States of America. We disagree. When originally enacted in 1982, section 6661 provided for an addition to tax of 10 percent of the amount of any underpayment attributable to a substantial understatement of income tax liability for returns due after December 31, 1982. Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, section 323(a), 96 Stat. 324, 615. Amendments to section 6661 were contained in two bills which became law in October of 1986. The addition to tax was increased to 20 percent by the Tax Reform Act of 1986, Pub. L. 99-514, section 1504, 100 Stat. 2085, 2743, and to 25 percent by the Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-509, section 8002, 100 Stat. 1874. The President signed the Omnibus Budget Reconciliation Act of 1986 on October 21, 1986, and the Tax Reform Act of 1986 on October 22, 1986. Thus, the 25-percent rate became effective one day before the 20-percent rate. Question arose about which tax rate applies. This Court resolved the proper rate of the increase in the addition to tax under section 6661 by holding that the 25 percent rate applies. Pallottini v. Commissioner, 90 T.C. 498 (1988), *539 which involved the section 6661 addition for the 1982 taxable year. In that decision we did not reach the issue of whether section 6661 was unconstitutional as a prohibited ex post facto law. We do so here. The Constitution bars ex post facto laws. Article I, section 9, clause 3. This bars retroactive penal and criminal statutes. Calder v. Bull, 3 U.S. 386 (1798). Ex post facto laws impose criminal punishment for conduct which was lawful when committed. Beazell v. Ohio, 269 U.S. 167, 169 (1925); United States v. Hopkins, 529 F.2d 775 (8th Cir. 1976), cert. denied 431 U.S. 965 (1977). That part of our Constitution which prohibits ex post facto laws is not applicable to statutes imposing civil sanctions. Harisiades v. Shaughnessy, 342 U.S. 580 (1952). The ex post facto clause extends only to criminal statutes. Galvan v. Press, 347 U.S. 522, 531 (1954); Johannessen v. United States, 225 U.S. 227, 242 (1912); United States v. Hopkins , supra at 777; Mathes v. Commissioner, 63 T.C. 642, 644 (1975) (section 51(a)(1)(A) not unconstitutional *540 ex post facto law). However, the constitutional prohibition may not be evaded by giving civil form to a criminal law. Burgess v. Salmon, 97 U.S. 381 (1878). Petitioners argue that the issue is not what the addition is called, but rather whether the addition is of a penal or criminal nature, and so punitive to transform what is a civil remedy into a criminal remedy. We decline to construe the section 6661 addition to tax as penal or criminal in nature. The Supreme Court has held that the ex post facto prohibition is not applicable to a civil addition to tax. Bankers Trust Co. v. Blodgett, 260 U.S. 647, 652 (1923). In Bankers Trust Co. the civil addition to tax was a retroactive state tax penalty. An analogy that may be useful here in evaluating the distinction between the penal aspects of criminal punishment and a civil tax addition is the Supreme Court decision in United States v. Halper, U.S. , 109 S.Ct. 1892 (May 15, 1989), vacating and remanding 664 F. Supp. 852 (S.D.N.Y. 1987). In Halper, the Supreme Court examined criminal and civil sanctions and held that double jeopardy prohibits the Government *541 from criminally prosecuting a defendant, imposing a criminal penalty upon him, then bringing a separate civil action based on the same conduct and receiving a civil judgment that is not rationally related to the goal of making the Government whole. United States v. Halper, supra at 1903. The civil sanction in Halper was held to be "overwhelmingly disproportionate" (more than 220 times the Government's measurable loss) to the damages caused by the defendant such that it was considered penal in nature for purposes of double jeopardy. United States v. Halper, supra at 1902. In the case before us, the civil addition is not overwhelmingly disproportionate to the damages caused by petitioner, such that the civil addition is penal in nature for purposes of double jeopardy. Thus, we conclude that the retroactive increase in additions to tax from 10 percent to 25 percent is not prohibited by the constitutional bar of ex post facto laws. In our recent decision in Starling v. Commissioner, T.C. Memo. 1989-392, we held that a taxpayer is not entitled to the preclusive effect of a prior criminal proceeding on a later civil proceeding *542 under a theory resembling double jeopardy, res judicata, or collateral estoppel because the taxpayer failed to show that he was being twice punished for the same offense. The addition to tax under section 6661 for substantial underpayment of taxes was among the civil tax additions that the taxpayer sought to bar in Starling. Accordingly, an appropriate order will be issued granting respondent's motion for judgment on the pleadings and denying petitioners' motion. Decision will be entered for the respondent. Footnotes
1. All Rules references are to the Tax Court Rules of Practice and Procedure. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986 as in effect at the present time.↩