UNITED STATES of America

v.

Larry Lane BATEMAN.

Crim. No. 92–62–01–D.

United States District Court, D. New Hampshire.

Sept. 24, 1992.

Memorandum Order on Motion for Reconsideration Oct. 19, 1992.

Arnold H. Huftalen, Asst. U.S. Atty., Jeffrey R. Howard, U.S. Atty., Concord, N.H., Bruce Taylor, Sp. Atty., U.S. Dept. of Justice, Child Exploitation & Obscenity Section, Washington, D.C., for plaintiff.

Mark F. Sullivan, Exeter, N.H., for defendant.

## ORDER

FUSTE, District Judge, Sitting by Designation.

Based on information authorities received from an informant, the government began an investigation of allegations that Larry Lane Bateman violated state and federal child pornography laws. A federal grand jury issued a multi-count indictment charging Bateman with violations of federal child pornography laws, specifically Title 18, United States Code, Section 2252(a), by possessing and transporting in interstate commerce several video tapes and scrapbooks containing visual depictions of minors engaged in sexually explicit conduct.

The defendant filed a Motion to Dismiss Counts One and Forty of the superseding indictment of September 2, 1992 (renumbered Counts One and Four of the redacted indictment; *see* Order, Docket Document No. 38, entered September 23, 1992) on a theory that Count One posed an *ex post facto* law problem and Count Four posed an *ex post facto* defect and also violated the Equal Protection Clause of the United States Constitution. *See* Motion to Dismiss, Docket Document 31. For the reasons articulated below, this court finds that Counts One and Four do not violate the *Ex Post Facto* Clause of the Constitution, and the Motion to Dismiss Count One is hereby denied. We also deny the motion to dismiss as to Count Four. There is no appreciable *ex post facto* problem as the record now stands. The court is not prepared to grant relief on the equal protection argument.

## I.

The government alleges in Count One that defendant Bateman, in or about December 1990, knowingly shipped in the District of New Hampshire and in interstate commerce visual depictions of a person under the age of eighteen engaged in sexually explicit conduct in violation of federal law. 18 U.S.C. § 2252(a) (West 1984). The polaroid-type pictures in question were allegedly taken of a sixteen or seventeen-year-old youth in 1979 or 1980, several years before the May 21, 1984 enactment of several amendments to the aforementioned code section. Child Protection Act of 1984, Pub.L. 98–292, 98 Stat. 204 (1984) (prior to subsequent amendments); 18 U.S.C.A. § 2255(1) (West 1984) (minor age definition section). Briefly stated, the law before the 1984 amendments criminalized transporting with a commercial purpose sexually explicit visual depictions of persons under the age of *sixteen.* *See* H.R.Rep. No. 536, 98th Cong., 2nd Sess. 1, *reprinted in* 1984 U.S.C.C.A.N. 492. After the enactment of the 1984 amendments, it became a crime to *possess, transport,* mail, ship, or otherwise distribute such visual depictions with or without a pecuniary interest, and, more importantly for this order, the relevant definition of a minor's age was increased from sixteen to *eighteen* years by the 1984 legislation. Child Protection Act of 1984, § 5(a)(1), 18 U.S.C. § 2255(1) (West 1984).

The defendant has moved, *inter alia,* to dismiss Count One on the ground that application of the post–1984 law in this instance would be unconstitutional as a violation of the *Ex Post Facto* Clause of the Constitution. U.S. Const. art. I, § 9, cl. 3 and § 10, cl. 1. The defendant argues that under the law applicable in or about 1980 when the pictures were allegedly taken, the

depicted youth was not a "minor" for purposes of determining whether visual depictions of him would constitute child pornography as proscribed by federal law. The defendant cites several important and undeniably persuasive commentaries on the issue of *ex post facto* laws, in addition to the prohibition against such unfair laws declared in the Constitution. This court, under its duty to defend the principles of the Constitution, is in full agreement with the prohibition against *ex post facto* laws, and this court's conscience would be shocked by the inclusion of a count that would be inconsistent with the *Ex Post Facto* Clause.

The defendant cites one case to support his motion to dismiss Count One on an *ex post facto* theory, *United States v. Meyer*, 602 F.Supp. 1476 (S.D.Cal.1984). In *Meyer*, a court dismissed two counts of a child pornography indictment that sought to convict a defendant later in time for a previously legal act of producing sexually explicit visual depictions of a person not defined as a "minor" at the time of the alleged act. In other words, the government in *Meyer* wanted to convict a defendant for a past act with a new law that considered the depicted youth as a minor, retrospectively. The court understandably dismissed these two counts as violations of the *Ex Post Facto* Clause. The *Meyer* court, however, did not dismiss counts analogous to Count One of the Bateman indictment.

Count One does not present an *ex post facto* problem. The illegal act alleged in Count One is *not* the act of taking the 1980 pictures. There is no question that the defendant in this case could not constitutionally be punished for taking such pictures in 1980; however, the defendant can be indicted for transporting the pictures in 1990 if they indeed constituted prohibited child pornography at the time they were transported. Child pornography under current law and under the law in force in 1990 would include sexually explicit visual depictions of a sixteen or seventeen-year-old youth—regardless of when the pictures were taken. This legal result would be analogous to the result in other fact scenarios that may be less emotionally charged, such as legal production and acquisition of cocaine or a particular firearm. Imagine such an item that was once legal in all relevant respects, but through enactment of subsequent legislation, became illegal. Certainly, possession and transportation of the now illegal drug or firearm would be criminal, and enforcement of the law would not pose an *ex post facto* problem even if the item in question had been obtained before the enactment of criminalizing legislation.

The *ex post facto* legal issue of federal child pornography law and the effect of the 1984 amendments, particularly the increase in the age of minority, is squarely addressed in *United States v. Porter*, 709 F.Supp. 770 (E.D.Mich.1989), *aff'd*, 895 F.2d 1415 (6th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 583, 112 L.Ed.2d 588 (1990). In a similar fact scenario, the *Porter* court decided that an *ex post facto* challenge like the one offered by defendant Bateman "[i]gnores the fact that transportation and receipt of the materials are the gravamen of the offense to which the defendant has been convicted. The production date of the photographs is wholly immaterial to the offense." *Porter*, 709 F.Supp. at 774. The government also cites to two relatively recent Ninth Circuit cases in which the court held that while the production of certain sexually explicit visual depictions may have been legal, the shipment or transportation later in time of what the law now defines as child pornography can be criminal and not violate the *Ex Post Facto* Clause of the Constitution. *See United States v. Moncini*, 882 F.2d 401 (9th Cir.1989); *United States v. Hale*, 784 F.2d 1465 (9th Cir. 1986).

Since this court does not find that Count One violates the *Ex Post Facto* Clause, the defendant's Motion to Dismiss Count One of the redacted indictment is hereby denied.

## II.

The defendant also moves to dismiss as unconstitutional Count Four of the redacted indictment (Count Forty of the

superseding indictment) regarding illegal possession of child pornography. First, the defendant argues that application of the statute is *ex post facto* along the same lines of reasoning presented in the Motion to Dismiss Count One. Second, the defendant contends that the statute, particularly 18 U.S.C. § 2252(a)(4) (West Supp.1992),[1] violates the Constitution's guarantee of equal protection since the requisite number of child pornographic items that constitutes illegal possession is unconstitutionally arbitrary. The defendant's Motion to Dismiss Count Four fails to persuade the court and is hereby denied.

For precisely the same reasons delineated above in reference to Count One, this court is convinced that the federal child pornography statute as applied to the defendant does not violate the *Ex Post Facto* Clause. Whether it be possession or transportation of illegal pornography, the fact that criminalization occurs after original possession or production of such visual depictions does not prevent the government from enforcing current law as long as the original, legal act is not criminalized *ex post facto*. *See Porter*, 709 F.Supp. 770 (E.D.Md.1989), *aff'd*, 895 F.2d 1415 (6th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 583, 112 L.Ed.2d 588 (1990). The course of events described in the record includes Bateman's illegal possession of child pornography after the amendments of November 29, 1990. 18 U.S.C. § 2252(a)(4) (West Supp.1992). The defendant disputes this factual allegation. Of course, if the defendant did not possess the child pornography as alleged after the enactment of the 1990 amendments criminalizing possession, the defendant cannot be convicted without violating the *Ex Post Facto* Clause. If at the conclusion of the government's case in chief the evidence seen in the light most favorable to the government fails to show that the elements of the offense are present, the defendant may be entitled to a judgment of acquittal. Fed.R.Crim.P. 29.

The court, moreover, finds it inappropriate to reach the equal protection argument offered by the defendant, particularly since the number of pornographic articles alleged in the indictment greatly exceeds the so-called arbitrary number of three required for conviction under the statute. 18 U.S.C. § 2252(a)(4) (West Supp.1992). The objection on constitutional due process grounds is noted and adequately preserved for appeal purposes.

The defendant's Motion to Dismiss Count Four of the redacted indictment is hereby denied.

IT IS SO ORDERED.

## MEMORANDUM ORDER ON MOTION FOR RECONSIDERATION

The government alleges that defendant Larry Lane Bateman violated federal child pornography laws, 18 U.S.C. §§ 2252(a)(1) and 2252(a)(4), in possessing and transporting in interstate commerce sexually explicit visual depictions of minors. The redacted indictment also contains a criminal forfeiture count pursuant to 18 U.S.C. § 2254.

Defendant earlier moved to dismiss Counts One and Four of the redacted indictment, claiming that the law's application effectively criminalized past acts in violation of constitutional principles. *See* Docket Document No. 31. This court denied the dismissal motion, *United States v. Larry Lane Bateman*, 805 F.Supp. 1053 (D.N.H.1992) (Order Denying Defendant's Motion to Dismiss Counts One and Four of

---

1. 18 U.S.C. § 2252(a)(4) (West Supp.1992) provides in pertinent part:

   (a) Any person who—
   . . . .
   (4) either—
   . . . .
   (B) knowingly possesses 3 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means *including by computer, if*—
   (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
   (ii) such visual depiction is of such conduct;
   shall be punished as provided in subsection (b) of this section.

the redacted indictment, Docket Document No. 43), finding no violation of the *Ex Post Facto* Clause of the United States Constitution. U.S. Const. art. I, § 9, cl. 3 and § 10, cl. 1. Upon request of defense counsel in a status conference held September 24, 1992, this court decided to allow defendant to file a more extensive pleading, Docket Document No. 51, that requested the court to revisit its denial of defendant's Motion to Dismiss Count One.[1]

After careful consideration of the issues raised by defendant and a reexamination of relevant case law, statutory law, and legislative history, this court DENIES defendant's motion to reconsider the denial of his Motion to Dismiss Count One.

In brief, further consideration and reflection have not altered or changed the fundamental rationale supporting the court's first denial of defendant's Motion to Dismiss Count One. Defendant originally argued that Counts One and Four ought to be dismissed because the youths depicted in the alleged pornography were not minors at the time the materials were produced. And the court agrees that the evidence may support the proposition that particular youths, according to the law in force at the time of production in 1980, were not minors *per se.* The law in 1980 defined minors as persons under the age of sixteen. *See* Protection of Children Against Sexual Exploitation Act of 1977, Pub.L. 95–225, 92 Stat. 7. On account of subsequent amendments to federal child pornography law, the age of minority was increased two years, Child Protection Act of 1984, Pub.L. 98–292, 98 Stat. 204 (1984) (prior to subsequent amendments) (18 U.S.C. § 2255(1)), and the act of possession was also made illegal. Child Protection Restoration and Penalties Enhancement Act of 1990, Pub.L. 101–647, 104 Stat. 4818 (1990) (18 U.S.C. § 2252(a)(4)).

Importantly, the court found no *Ex Post Facto* Clause violation in the enforcement of child pornography possession and transportation laws, since the gravamen of the alleged offenses is not the 1980 act of production of the pornographic materials. Rather, the offense alleged is the 1990 transportation and possession of sexually explicit visual depictions of persons under the age of majority—irrespective of the date of production of the materials or the current ages of those persons whose ages happen to be frozen in time through the magic of photography and video recording.

In the original denial order, the court proffered an analogy that would make clearer the constitutionality of federal child pornography laws as applied to defendant: possession and transportation in interstate commerce of cocaine obtained while legal, but subsequently made illegal through legislative action. Certainly in the case of cocaine, possession or transportation is illegal, and enforcement of relevant laws would not pose an *ex post facto* dilemma—even if the drug had been produced or purchased at a time when cocaine was completely legal. *See Bateman*, 805 F.Supp. at 1055.

Defendant responds to the court's first denial of the Motion to Dismiss by focusing on the wording of the statute, in particular the use and meaning of "producing." Docket Document No. 51 (citing 18 U.S.C. § 2252(a)). Defendant argues that the court misinterpreted the child pornography law's language by not sufficiently concentrating on the phrase, "the producing of such visual depiction involves the use of a minor...." 18 U.S.C. § 2252(a). Defendant would have the court believe that the statute directs attention to the moment of production of the pornography, and that at the moment of production of the materials in question, there was no "use of a minor." *Id.* Defendant is restating, albeit in a different form, the same *ex post facto* concerns involving the ages of the performing youths at the moment of production, a pro-

---

1. On October 5, 1992, and before jury selection for trial commenced, the court entered a margin order denying the motion to reconsider. Docket Document No. 51. The court expressed its intention of filing a memorandum order sustaining the denial. This memorandum order on motion for reconsideration puts an end to the issue. The reader is informed that the case was tried commencing on October 5, 1992, and a verdict of guilty as to all counts was returned by the jury on October 9, 1992.

cess defined in the statute as "directing, manufacturing, issuing, publishing, or advertising...." 18 U.S.C. § 2255(3).

Moreover, defendant rejects the government's use of several cases in support of its position, some of which the court referred to in its previous order. *See Bateman,* 805 F.Supp. at 1054–56 (citing *United States v. Meyer,* 602 F.Supp. 1476 (S.D.Cal. 1984); *United States v. Porter,* 709 F.Supp. 770 (E.D.Mich.1989), *aff'd,* 895 F.2d 1415 (6th Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 583, 112 L.Ed.2d 588 (1990); *United States v. Moncini,* 882 F.2d 401 (9th Cir.1989); *United States v. Hale,* 784 F.2d 1465 (9th Cir.), *cert. denied,* 479 U.S. 829, 107 S.Ct. 110, 93 L.Ed.2d 59 (1986)).

The court is unpersuaded that defendant raises any new convincing argument in his motion to reconsider. Defendant's argument would produce perverse outcomes in child pornography cases, as well as in cases involving other areas of ever changing law. Unless and until Congress determines that child pornography should have a "grandfather clause," this court must apply law in a common sense manner. If the court interpreted the law to contain an implicit grandfather clause, the court would be unjustifiably determining that Congress today cannot decide to pass legislation criminalizing formerly-legal videos, weapons, drugs, or other items. The result that would logically follow would be that enormous amounts of illegal tangibles would actually be legal, as long as they were produced or perhaps acquired far enough in the past. Such would be an absurd legal outcome.

The court, however, does find itself compelled to make a general observation: Congress likely could have used clearer language in its enactment of child pornography statutes. The court notes that defendant's argument stems from arguably unclear phraseology in the statute. The phrase "the producing of such visual depiction involves the use of a minor ..." would possess more clarity if · it did not focus on "producing" and if the second part of the phrase read something more like "such visual depiction involv*ed* the use

of a minor *as defined by current law.*" (Underscored by this court for emphasis). However, the court realizes that legislation is not always going to be perfectly phrased, and courts can usually determine the intent of written law through analysis of case law, statutory context, legislative history, and common sense.

While defendant's argument is not beyond the realm of possibility, and is certainly preserved for appeal purposes, this court remains unpersuaded and must deny the relief requested.

IT IS SO ORDERED.